## HIRAM HARRIS v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 23, 1914.

Nos. 18,302—(196).

**Carrier — injury to shipment — error to exclude evidence.**

In this action to recover damages alleged to have been caused to a carload of opera chairs while being transported from Minneapolis to Herman, Minnesota, the evidence showed that on the arrival of the car at Herman the consignee refused to receive the shipment, and it was returned to Minneapolis in the same car without being unloaded. It is *held:* It was prejudicial error to exclude evidence of competent witnesses to prove that the chairs were in the same condition when the car arrived in Minneapolis on its return from Herman as they were when loaded for shipment.

---

[1] Reported in 145 N. W. 115.

---

Note.—As to the right of a consignee who refuses to accept goods to maintain action for damages against carrier, see note in 30 L.R.A.(N.S.) 1071.

Action in the municipal court of Minneapolis to recover $400. The case was tried before Montgomery, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $350 and interest in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Cobb, Wheelwright & Dille* and *H. C. Mackall,* for appellant.
*S. R. Child, Benjamin Drake* and *Sherman Child,* for respondent.

BUNN, J.

This action was brought to recover damages alleged to have been caused second-hand opera chairs while being transported on defendant's line from Minneapolis to Herman, Minnesota. Plaintiff recovered a verdict for $350, a new trial was denied, and defendant appealed.

The assignments of error relate to the exclusion of evidence offered by defendant on the trial, and to the amount of the verdict.

Plaintiff was in the opera chair business in Minneapolis. The shipment in controversy consisted of 500 second-hand folding chairs, which plaintiff had purchased with others from a theater in Minneapolis. They were loaded by plaintiff's employees in a car of defendant, and transported to Herman. The consignees examined the shipment on its arrival and refused to receive it. The chairs were returned to Minneapolis in the same car, without being unloaded.

Plaintiff produced the usual evidence to make a prima facie case, his witnesses testifying to the good condition of the chairs when they left Minneapolis, and their broken and damaged condition when they arrived at Herman. The evidence of defendant's witnesses tended to show that the chairs were more or less broken when they were loaded into the car, and in no worse condition when the car reached Herman.

The evidence excluded by the trial court was testimony offered by defendant to show that the chairs were in the same condition when they arrived at Minneapolis, on the return of the car from Herman,

as when the car left Minneapolis for Herman.    One of the witnesses
by whom defendant offered to prove the condition of the chairs on
their return from Herman was a freight inspector of the Western
Weighing Association Bureau, who inspected the shipment before it
left Minneapolis, and again after the car arrived from Herman.
The other witnesses were employees of defendant in its freight yards
in Minneapolis.

It was prejudicial error to exclude evidence of a competent wit-
ness to show the facts offered to be proved by defendant.    It needs
no argument or authority to establish the relevancy of such evidence.
If the chairs were in the same condition on the return of the car to
Minneapolis as they were when shipped from Minneapolis, it is very
persuasive if not conclusive proof that they were not damaged while
en route from Minneapolis to Herman.    We can hardly assume that
the chairs miraculously recovered from their wounds on the return
trip.    The trial court had excluded evidence offered by the plaintiff
to show the damaged condition of the chairs on the return of the
car to Minneapolis, on the theory that this damage might have oc-
curred on the return trip, and therefore, under the pleadings, could
not be the basis of a recovery.    The correctness of this ruling is not
involved on this appeal, but the court evidently considered exclud-
ing the evidence offered by defendant was applying the same rule to
both parties.    The distinction is so obvious that we need not point it
out.

At least one of the witnesses by whose testimony defendant offered
to prove the condition of the chairs on their return from Herman,
was qualified by his knowledge of the facts to testify.

We cannot say that the error was without prejudice.    The ruling
shut out important evidence directly bearing upon the issue in the
case, and we are not justified in saying that it did not affect the re-
sult.    We think the offer was sufficient.

As there must be a new trial, we do not decide the question of ex-
cessive damages.    The size of the verdict, however, when compared
with the amount paid by plaintiff for the chairs, convinces us that
there is justice as well as law in requiring the case to be tried again.

Order reversed and new trial granted.